(No. 90-CV-0084— )

*In re* APPLICATION OF PATRICIA L. DUIES and JAMES M. DUIES

*Orders filed February 5, 1990.*
*Order filed October 24, 1991.*

PATRICIA L. DUIES and JAMES M. DUIES, *pro se*, for Claimants.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES MAHER, Assistant Attorney General, of counsel), for Respondent.

ORDER

PATCHETT, J.

This claim arises out of an incident that occurred on July 6, 1989. Patricia L. Duies and James M. Duies, mother and father, respectively, of the deceased victim, Scott James Duies, seek compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

This Court has carefully considered the applications for benefits submitted on July 20, 1989, and August 1, 1989, respectively, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on June 6, 1989, the victim was stabbed by his girlfriend with whom he shared a residence. The incident occurred at 4630 North Monticello, Chicago, Illinois. Police investigation revealed that during an altercation between the victim and the offender, the victim attempted to hit the offender with an ottoman. The offender then swung a knife at the victim, stabbing him. The Cook County State's Attorney's Office declined to file criminal charges against the offender, determining that she was acting in self-defense.

2. That section 80.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 80.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the

victim's acts or conduct provoked or contributed to his injury or death.

3. That available evidence indicates that during an altercation between them, the victim attempted to strike the offender with an ottoman. In self-defense, the offender swung a knife at the victim, stabbing him.

4. That the victim's conduct contributed to his death to such an extent as to warrant that the Claimants be denied entitlement to compensation.

5. That in order for a claimant to be eligible for compensation under the Act, there must be evidence that one of the violent crimes specifically set forth under section 72(c) of the Act occurred.

6. That the actions of the offender did not constitute a crime specifically set forth under section 72(c) of the Act.

7. That section 76.1(d) of the Act states that the claimant is entitled to compensation if the victim and the assailant were not sharing the same household at the time the crime occurred.

8. That the Attorney General's investigation shows that the victim and the assailant were sharing the same household at the time the crime occurred.

9. That this claim does not meet required conditions precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.

## ORDER

PATCHETT, J.

This cause comes to be heard on the Respondent's motion to dismiss duplicate claim number and add

additional claimant, and the Court being fully advised in the premises, finds that claim Nos. 90-CV-0168 and 90-CV-0084 are identical as to cause, and therefore:

It is hereby ordered that the claim No. 90-CV-0168 be, and is hereby, dismissed and the Claimant's cause of action under the Crime Victims Compensation Act proceed under claim No. 90-CV-0084, under which all information concerning this claim has been merged.

It is further ordered that James M. Duies be listed as a Claimant in claim No. 90-CV-0084.

## ORDER

PATCHETT, J.

This cause comes on for hearing upon the petition for rehearing filed by the Claimants. The Claimants are the mother and father, respectively, of the deceased victim.

On July 6, 1989, Scott James Duies was stabbed by his girlfriend. He and his girlfriend shared an apartment at the time of the incident. The incident took place at 4630 North Monticello, Chicago, Illinois, and was investigated by the Chicago Police Department. The Chicago police concluded that the incident arose as a result of an altercation between the victim and the offender. The victim evidently attempted to hit the offender with an ottoman, and the offender then swung a knife at the victim, resulting in his death. The Cook County State's Attorney declined to file criminal charges against the girlfriend, determining that she was acting in self-defense.

On February 5, 1990, this Court entered an order denying the claim because the actions of the alleged offender did not constitute a crime as set forth under section 72(c) of the Act, because the victim and the

assailant were sharing the same household at the time of the victim's death, and because the victim's conduct contributed to his death to such an extent as to warrant denial of a claim.

The mother of the victim, Patricia S. Duies, subsequently requested a review of the Court's decision. On September 6, 1990, a hearing was held before a commissioner of this Court. At that hearing, Claimants gave testimony stating that it was their belief that their son was not killed in the act of self-defense. However, they offered no new evidence to rebut the report of the Chicago Police Department or at the investigatory report prepared by the Illinois Attorney General's Office as a result of this claim. Their testimony consisted of third-party statements, for which they presented no witnesses in corroboration.

Interestingly enough, the Claimants also produced documentation at the hearing regarding funeral expenses of their deceased son. Unfortunately for the Claimants, each of the Claimants, who are now divorced, provided different forms of documentation. Each showed that they paid the funeral expense. Separate funeral director's reports were filed with the Attorney General's Office. These reports were signed by different funeral directors and showed different funeral and burial costs. Each of these stated that a different person paid for the funeral.

Even if we were able to overcome the obstacles that previously led to this claim being denied, we would still deny this claim under section 90(a) of the Crime Victims Compensation Act, which provides for compensation to be denied to a person who "* * * willfully misstated or omitted facts relevant to the determination of whether compensation is due."

For the reasons stated above, we hereby affirm our earlier order denying compensation in this claim.